Dadra MITCHELL, Plaintiff–Appellant,

v.

BANKFIRST, N.A., Defendant–Appellee.

No. 00–16057.

D.C. No. CV–97–1421–MMC–(PJH).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Nov. 21, 2001.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Dadra Mitchell ("Mitchell") appeals the district court's Rule 12(b)(6) dismissal of one claim, the grant of a protective order and summary judgment against her, and the failure to grant a continuance. She alleges that Bankfirst, the issuer of the Affinity Visa credit card, violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., by failing to disclose in its initial disclosure statement that an Affinity Visa cardholder must give 90 days notice—and thus is required to pay three month's dues—before terminating her membership in the American Fair Credit Association ("AFCA"). We affirm in part, and vacate and remand in part.

We agree that AFCA's notice of termination provision is not a charge for termination of an open-end credit plan requiring disclosure under TILA. *See* Regulation Z, 12 C.F.R. § 226.6(b) (requiring the disclosure of "other charges" that are not finance charges); 12 C.F.R. Pt. 226, Supp. I § 226.6(b)(vii) (giving termination charges as an example of "other charges"). An AFCA member may terminate the Affinity Visa card at any time without ending her AFCA membership.

Although 90–days notice is not required to terminate the credit card, it is required to terminate the AFCA membership. Thus, the notice provision may very well constitute an "other charge," such as a membership or participation fee, which

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

must be disclosed under TILA. *See* 12 C.F.R. Pt. 226, Supp. I § 226.6(b)(v) (giving membership fees as an example of "other charges"). A membership fee "for a package of services that includes an open-end credit feature" must be disclosed if "the primary benefit of membership in an organization is the opportunity to apply for a credit card, and the other benefits ... are merely incidental ...." *Id.* The grant of a protective order, while perhaps warranted in view of the wide-ranging discovery requested by Mitchell, was overbroad in that it precluded discovery of AFCA and its relationship with Bankfirst. This discovery was highly probative on the issue of whether AFCA benefits are merely incidental to the credit feature, may have served to justify the broader requests, and was essential to Mitchell's ability to adduce any evidence that might have defeated summary judgment.

Thus, the combined effect of the district court's affirmance of the protective order and its failure to rule on the Rule 56(f) motion was the denial of discovery of any relevant evidence to prove an essential element of Mitchell's claim. *See California v. Campbell*, 138 F.3d 772 (9th Cir. 1998) (A "district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment.") The court therefore erred in not ruling on the Rule 56(f) motion before proceeding to summary judgment. *See Qualls v. Blue Cross of Cal.*, 22 F.3d 839 (9th Cir.1994) (reviewing the trial judge's failure to address a 56(f) motion before granting summary judgment de novo).

We are left with an insufficient record upon which to rule whether the district court correctly concluded that the notice provision is not an "other charge" within the meaning of TILA. We therefore vacate the judgment on that question, and remand for limited discovery bearing on the issue of whether AFCA benefits are merely incidental to obtaining the credit card and further proceedings consistent herewith.

**AFFIRMED in part, VACATED in part, and REMANDED.**